### Mary Schankel v. Wilhelmine Moffatt.

1. Sales—*Of Goods for Immoral Purposes.*—The mere fact that the seller knows that the goods sold will be applied to an illegal purpose, will not ordinarily, of itself, be sufficient to deprive him of his right of payment therefor.

Memorandum.—Bill to foreclose chattel mortgage. Appeal from the Circuit Court of Cook County; the Hon. Lorin C. Collins, Judge, presiding. Heard in this court at the December term, 1893, and affirmed. Opinion filed May ,22, 1894.

The opinion states the case.

APPELLANT'S BRIEF, TURNBULL, GILROY & HURD, AND C. L. MAHONY, ATTORNEYS.

Any contract made for the purpose of giving effect to any agreement contravening the law of public policy, or given in consideration of the same, or directly having its origin therein, is void, unless the contract be negotiable according to the rules of the common law, and be in the hands of a *bona fide* purchaser for value before maturity without notice of its character, or his indorsee, with or without notice of *its* character. Greenhood on Public Policy, pages 8 to 13, and cases there cited.

Where a contract grows immediately out of and so connected with an illegal or immoral act, a court of justice will not lend its aid to enforce it. If the contract be in part only connected with the illegal transaction and growing immediately out of it, though it be in part a new contract it is equally tainted by it. Niver v. Best, 10 Barb. (N. Y.) 369; Judgment of Marshall, C. J., quoted in Greenhood's Public Policy, page 26; Konitze v. Flannigan, 46 N. Y. S. R. 471; 19 N. Y. Supp. 33; Dougherty v. Seymour, 26 Pac. Rep. 823.

A contract for the purpose of aiding and carrying on of a house of prostitution is *contra bonos mores* and can not be enforced. Houstock v. Palmer, 37 Central Law Journal, 394; Dougherty v. Seymour, 26 Pac. Rep. 823; Pearce v. Brooks, L. R., 1 Exch. 213; Ralston v. Boady, 20 Ga. 449; Dyett v. Pendleton, 8 Cowp. (N. Y.) 737; Lightfoot v. Tenant, 1 Bos. & P. 559. *Contra*, Hulbard v. Moore, 24 La. An. 59; Lyman v. Townshend, 24 La. An. 625; Mahood v. Tealze, 26 La. An. 108; Sampson v. Townshend, 25 La. An. 78.

Whoever keeps or maintains a house of ill-fame, or place for the practice of prostitution or lewdness, or whoever patronizes the same or lets any house-room or other premises for any such purpose, or shall keep a common, ill-governed and disorderly house to the encouragement of idleness, gaming, drinking, fornication, or other misbehavior, shall be fined not exceeding $200. R. S. Ill., Chap. 38, Par. 97 (Criminal Code).

A contract which contemplates the commission of crime, or which, if consummated, will involve the parties in crime, is void. Feret v. Hill, 15 C. B. 207; James v. Conillard, 102 Mass. 167; Tracy v. Talmage, 14 N. Y. 102; Hill v. Spear, 50 N. H. 253.

A contract which is in itself legitimate is not void because the beneficiary thereof knows that the other party intends to use the subject-matter to aid him in violating the law. Holman v. Johnson, Cowp. 341; Greenhood on Public Policy, 537, Rule 460; Appleton v. Campbell, 2 C. & P. 347; Crafton v. State, 25 Ohio St. 249.

But otherwise, if such party is to participate in the profits or lends his aid in any way to such violation of law. Milne.v. Davidson, 5 Mart. (La.) N. S. 409; Greenhood's Public Policy, page 202, and cases there cited; see cases also cited under law point 3.

A court of justice will not lend its aid to enforce a contract, the consideration of which is illegal or immoral, nor adjudicate any rights arising thereunder, even when it has been performed on behalf of plaintiff. Wright v. Rindskoff, 43 Wis. 343; Texas & Pac. Ry. Co. v. Southern P. R. Co., 41 La. An. 970; 40 Am. & Eng. R. R. Cas. 475; Samuel v. Oliver, 130 Ill. 73.

Neither will a court of equity lend its aid to enforce any securities which are given as part of such .consideration. Miller v. Martin, 21 Ill. 132.

A mortgage is but a security for the notes which are evidence of the debt, and requiring the aid of a court to foreclose the equities, it is consequently executory. We say to the party holding them, " Make the most you can of your position, but do not ask us to render you assistance; we leave you as we find you." Winston v. McFarland, 22 Ill. 38; Fitzgerald v. Toristall, 48 Ill. 228; Henderson v. Palmer, 71 Ill. 579.

A sold goods to B, to be used in a house of prostitution and to be paid for out of the profits thereof; A can not recover the price. Leland v. Talaferro, N. Y. Trans., 9 Sept. 1870, page 3; Bowry v. Bennett, 1 Campbell, 348; Burns v.

Seep, 8 Am. Law Record, Ohio, 425; Riley v. Jordon, 112 Mass. 231; Dyett v. Pendleton, 8 Cowp. (N. Y.) 727; Hanauer v. Doane, 12 Wall. (U. S.) 342; Chitty on Contracts (11 Amer. Ed.), 981; Amer. & Eng. Ency. Law, Vol. 9, page 922.

To make a defense that a contract is void as repugnant to public policy available, the consideration given by the other party need not be returned. Snyder v. Wiley, 33 Mich. 483 (1876).

Houses of ill-fame or brothels were a nuisance at common law and therefore contracts respecting them are illegal irrespective of statute, and no recovery can be had thereon. Ashbrook v. Dale, 27 Mo. App. 649; Houstock v. Palmer, 37 Central Law Journal, 394; Dougherty v. Seymour, 26 Pac. Rep. 823. Differing in this respect from contracts to defeat the revenue laws.

APPELLEE'S BRIEF, RUFUS KING AND GEO. P. SMITH, ATTORNEYS.

The question to be decided in this case has frequently come before the courts, and Story, in his work on Contracts, states the law: "But the mere fact that the seller knows that the goods sold will be applied to an illegal purpose, will not of itself be ordinarily sufficient to deprive him of his right of payment therefor." 1 Story on Contracts, Sec. 524 (4th Ed.); 1 Parsons on Contracts, 479 (bottom of page); Blake v. Sawin, 10 Allen (Mass.), 340; Kreiss v. Seligman, 8 Barb. 439; Dater v. Earl, 3 Gray (Mass.), 482; Bockman v. Wright, 27 Vt. 187; Tuttle v. Holland, 43 Vt. 542; Hill v. Spear, 50 N. H. 253; Jamison v. Gregory, 4 Met. (Ky.) 363; Cumming v. Henry, 10 Ind. 109; Tracy v. Talmage, 14 N. Y. 162; Lewin v. Johnson, 32 Hun 408; Harris v. Runnels, 12 How. (U. S.) 79.

MR. JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

This was a bill filed by appellee against appellant to foreclose a chattel mortgage on a quantity of household furniture.

The appellant answered the bill setting up that the consideration of the note secured was immoral and against public policy, in this, that appellee sold the furniture, lease and good will of the business of keeping a house of ill-fame, in Chicago, for $8,000, of which $3,000 was paid down in cash and the notes in question executed aggregating $5,000 secured by the mortgagee on the furniture sought to be foreclosed. Appellant and her lawyer, Trumbull, testify that the sale included the good will of the business, and appellant testified that appellee was to remain two or three weeks with her and aid her in the business by introducing her to the patrons of the house.

The claim of appellee was that she sold nothing but the furniture. She did not remain or aid in the business or agree to do so. The testimony of appellee contradictory of appellant was corroborated by that of her agent, Robert W. Champion, who aided her in the transfer of the lease from her landlord to appellant. Appellee and her witness testified that the sale was only of the furniture, and no part of the consideration was the good will or lease, and that the furniture was worth the amount given. We think that the appellant failed to prove that the carrying on of the business entered into the consideration, or that the good will was a part of it. Appellant admitted *prima facie* in making the note and mortgage the valid consideration of the note, and took the burden of proof on herself to establish an illegal consideration. The property was adapted to innocent uses and need not necessarily be used for immoral purposes. Neither the notes nor the mortgage contained any provision that the debt was to be in any part discharged from proceeds of prostitution, and we think there is no sufficient evidence that it should be so paid. Appellee was only concerned in getting the pay for the furniture sold. Both of the parties are equally immoral and prostitutes; the one is no better in that respect than the other. The court is simply called upon to decide appellee's right to maintain this action and to determine the property rights of the parties. There was no requirement that the house

should be kept as one of prostitution or assignation in order to pay the notes.

The most that can be inferred from the proof is that the appellee knew that the appellant intended to use the furniture in that business and could do so if she would.

It seems to be well stated by authority in this country that " the mere fact that the seller knows that the goods sold will be applied to an illegal purpose will not of itself be ordinarily sufficient to deprive him of his right of payment therefore." 1 Story on Con., Sec. 524, 4th Ed.; Tracy v. Tolmoor, 14 N. Y. Appeals, 262; Hill v. Spear, 50 N. H. 253; Halman v. Johnson, 1 Con. 341; Mahoode v. Toalza, 26 La. Ann. 103. Numerous other cases might be cited, but the above are sufficient to prove the rule.

We are of the opinion that appellant failed to make out a defense to the foreclosure. The decree of foreclosure is therefore affirmed.